

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Gerald C. Mann
ATTORNEY GENERAL

Honorable I. Predscki
County Auditor
Galveston, Texas

Dear Sir:

Opinion No. O-2393
Re: Authority of Commissioners'
Court to purchase old school
building to use for W. P. A.
Sewing Room and Blind Pro-
jects. Also authority to
rent a building if no other
arrangement can be made.

Your letter of May 21, 1940, contains the follow-
ing paragraphs requesting an opinion from this Department:

"Galveston County has for several years spon-
sored several W.P.A. Projects and among them the
W.P.A. Sewing Room and Blind Project. These two
projects are housed and operating in one of the
City School Buildings that is no longer used for
school purposes.

"The Board of School Trustees of the City of
Galveston are now advertising this school building
to be sold and it will be necessary for Galveston
County to provide other quarters for the Sewing
Room and the Blind Projects.

"Your opinion is respectfully requested as to
the authority of the Commissioners' Court to pur-
chase this building and also as to the authority
of the Court to rent a building if no other arrange-
ment can be made."

Article 2372e-2, Section 1, Vernon's Revised Civil
Statutes, provides:

"The County Commissioners Courts and the City
Commission of any incorporated town or city of this
State are hereby authorized to lease, rent, or pro-
vide office space for the purpose of aiding and co-
operating with the agencies of the State and Federal
Governments engaged in the administration of relief
to the unemployed or needy people of the State of
Texas, and to pay the regular monthly utility bills
for such offices, such as lights, gas, and water;

and when in the opinion of a majority of a Commissioners Court of a county such office space is essential to the proper administration of such agencies of either the State or Federal Governments, said Court is hereby specifically authorized to pay for same and for the regular monthly utility bills for such offices out of the County's General Fund by warrants as in the payment of such other obligations of the county."

The foregoing statute was enacted by the 46th Legislature, effective May 6, 1939. Prior to this time, the Commissioners' Court, being a court of limited jurisdiction, with its powers and duties conferred by the Constitution and laws of the State, no law existed expressly conferring upon said Court or from which authority might be implied for such Court to lease building space necessary in housing W. P. A. projects conducted within the County.

By the provisions of the above quoted statute, where in the opinion of the majority of the Commissioners' Court, such office space is essential to the proper administration of either State or Federal agencies, said court is authorized to lease, rent or provide the necessary office space. We are unable to interpret or extend the language of this statute to include the purchase of a building. By the use of the word "office", the act does not contemplate or authorize the expenditure of county funds for floor space to be used to house the actual operations.

It is, therefore, the opinion of this Department that the Commissioners' Court is authorized, under the provisions of Article 2378a-1, Vernon's Revised Civil Statutes, to rent, lease or provide office space essential to the proper administration of sewing room and blind projects of the W.P.A. of the Federal Government if a majority of the Court considers same to be necessary. The Commissioners' Court is not authorized to purchase a building for such purposes under the provisions of this statute or any other law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Assistant

WmK:BEH:jrb

APPROVED JUNE 17, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference